| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: PERSONAL INJURY |

John Sanny and Diana Sanny,

                Plaintiffs,

vs.                                          **SUMMONS**

Trek Bicycle Corporation, a Wisconsin Corporation,

                Defendant.

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

1. **YOU ARE BEING SUED.** The plaintiffs have started a lawsuit against you. The plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Robins, Kaplan, Miller & Ciresi L.L.P., 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402-2015.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

82120252.1

**EXHIBIT A**

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: September 14, 2011    By: /s/ Brandon Vaughn
Brandon E. Vaughn, #0389110
Vincent J. Moccio, #184640
Terry L. Wade, #113426

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF HENNEPIN          FOURTH JUDICIAL DISTRICT

CASE TYPE: PERSONAL INJURY

John Sanny and Diana Sanny,

        Plaintiffs,

vs.                                              **COMPLAINT**

Trek Bicycle Corporation, a Wisconsin Corporation,

        Defendant.

Plaintiffs, for their Complaint and cause of action against the above-named Defendant, state and allege as follows:

I.

At all times material herein, Plaintiffs are husband and wife and reside in Shoreview, Minnesota.

II.

At all times material herein, Defendant Trek Bicycle Corporation was a Wisconsin corporation, engaged in the distribution and sale of bicycles in Hennepin County, Minnesota.

III.

That at all times material herein, the Defendant had sufficient contacts with Minnesota to be subject to the jurisdiction of the state's courts pursuant to Minnesota Statute Section 543.19.

IV.

On or about September 10, 2009, Plaintiff John Sanny was operating his Trek 930 Single Track bicycle in Minneapolis, Minnesota. At that time, the front wheel of the bicycle separated from its fork, causing Mr. Sanny to fall. Mr. Sanny sustained severe permanent head and neck

82120276.1

injuries, including significant facial injuries which include upper lip lacerations, multiple missing teeth, bruising and swelling with instability of mid-face, and a left eye laceration.

V.

The separation of the front wheel from the front fork of the subject Trek 930 Single Track bicycle and the resulting injuries to Plaintiff John Sanny were caused and contributed to by the negligent conduct of Defendant. Said negligence includes, by way of example, but is not limited to, the following:

1. Negligent failure to incorporate a backup safety retention system into the design of the front wheel attaching mechanism to prevent the front wheel from detaching from the frame in the event the primary attaching mechanism came loose;

2. Negligent failure to advise customers of alternative designs employing such safety retention systems;

3. Negligent failure to advise consumers of the importance of such safety retention systems, and that unintentional misapplication of the primary attaching mechanisms was a known and recurring danger;

4. Negligent failure to recall products in service known to be dangerous due to the absence of a safety retention system;

5. Negligent failure to advise the Consumer Products Safety Commission of dangerous products in service creating a substantial product hazard and a substantial risk of injury to the public;

and Defendant was otherwise negligent in the design, marketing, and sale of the subject bicycle.

VI.

The subject Trek 930 Single Track bicycle and quick-release hub as designed, assembled, manufactured, distributed, and sold by Defendant was unreasonably dangerous and defective.

VII.

As a direct and proximate result of the negligent conduct of Defendant, Mr. Sanny sustained severe and permanent injuries, as hereinabove alleged. As a result of the injuries sustained by Mr. Sanny, he has suffered and will the future suffer pain, emotional distress, mental anguish, embarrassment, humiliation, and inability to enjoy life and participate in his normal activities, all to his general damage in a sum in excess of Fifty Thousand Dollars ($50,000).

VIII.

As a direct and proximate result of the injuries sustained by Mr. Sanny, he has been and will in the future be required to expend substantial sums of money for medical, hospital, maintenance, and related care, all to his further damage in a sum in excess of Fifty Thousand Dollars ($50,000).

IX.

As a further direct and proximate result of the injuries sustained by Mr. Sanny, he has suffered a loss of income and a loss of his future earning capacity, all to his further damage in a sum in excess of Fifty Thousand Dollars ($50,000).

X.

As a direct and proximate result of the negligence of the Defendant, Diana Sanny has been deprived, and will continue to be deprived, of the aid, comfort, protection, support,

services, consortium, and companionship of her spouse, all to her damage in a presently estimated sum in excess of Fifty Thousand Dollars ($50,000).

WHEREFORE, Plaintiffs demand judgment against the Defendant for damages in an amount in excess of Fifty Thousand Dollars ($50,000), together with prejudgment interest, costs of suit, expert witness fees, and other disbursements incurred herein.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: September 14, 2011

By: /s/ Brandon Vaughn
Brandon E. Vaughn, #0389110
Vincent J. Moccio, #184640
Terry L. Wade, #113426

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. § 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. § 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: September 14, 2011

By: _/s/ Brandon Vaughn_
Brandon E. Vaughn, #0389110
Vincent J. Moccio, #184640
Terry L. Wade, #113426

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS